525 A.2d 402

**EXTON DEVELOPMENT**

v.

**SUN OIL COMPANY OF PENNSYLVANIA, Sun Company, Inc. and Sun Refining and Marketing Company and Hunter Environmental Services, Inc. and Telephone Answering Service of Willowgrove, Inc. and Thomas Cullen.**

Appeal of **HUNTER ENVIRONMENTAL SERVICES, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 25, 1987.

Filed May 4, 1987.

18

William T. Wilson, Pittsburgh, for appellant.

Michael J. Plevyak, West Chester, for Telephone, appellee.

Edward J. Tuite, Wayne, for Cullen, appellee.

Before CIRILLO, President Judge, and TAMILIA, CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order sustaining appellees' preliminary objections and dismissing appellees as additional defendants. Appellees challenged their joinder on the grounds that appellant failed to comply with the time requirements for joinder of additional defendants set forth in Pa.R.C.P. 2253.

Plaintiff, Exton Development, commenced this action against original defendants, Sun Oil Company of Pennsylvania, Sun Company, Inc. and Sun Refining and Marketing Company (Sun Oil), seeking to recover damages for the alleged contamination of plaintiff's water supply as a result of a gasoline leak. Sun Oil was served with the complaint on June 4, 1985. On August 5, 1985, Sun Oil filed a praecipe for a writ of summons to join additional defendant Hunter Environmental Services, Inc., the appellant in this case. On August 16, 1985, a complaint was filed alleging that the leak had been caused by faulty maintenance performed by appellant. Appellant was served with this complaint on August 27, 1985. On December 5, 1985, appellant filed a Petition for Extension of Time to join as additional defendants, Telephone Answering Service of Willow Grove, Inc. and Thomas Cullen, the appellees in this case. In the absence of a response to the petition, it was granted and appellant filed its complaint on January 16, 1986, alleging that appellees failed to heed appellant's warning of a leaking pump and failed to take appropriate action after learning of the defective condition. Both appellees proceeded to

file preliminary objections based on late joinder. The Honorable John E. Stively, Jr. sustained the preliminary objections thereby dismissing appellees as additional defendants. This appeal followed.

Rule 2253 of the Pennsylvania Rules of Civil Procedure sets forth the time limitation for joinder of an additional defendant as follows:

**Rule 2253. Time for Filing Praecipe or Complaint**

Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown.

The record reveals that appellant filed its Petition for Extension of Time to join appellees as additional defendants approximately six months after service of plaintiff's complaint against the original defendants, and more than three months, or 100 days, after appellant was served with the original defendants' complaint.

It is clear that the burden of demonstrating sufficient cause to allow late joinder of an additional defendant rests with the defendant, who must establish some reasonable justification for its delay. *Kovalesky v. Esther Williams Swimming Pools*, 345 Pa.Superior Ct. 95, 497 A.2d 661 (1985). Furthermore, whether cause is shown to justify late joinder is a matter for the sound discretion of the trial court, and we shall not reverse absent an abuse of discretion. *Welch Foods, Inc. v. Bishopric Products, Co.*, 254 Pa.Superior Ct. 256, 385 A.2d 1007 (1978).

Appellant urges us to grant it relief by asserting that it was "literally impossible" for it to join appellees within sixty days from the time plaintiff's complaint was served on the original defendants since the sixty day period had already expired by the time appellant received notice of its own joinder. Neither the other parties to this action nor the trial court deny that this is true. However, appellant has

left virtually unexplained a 100–day lapse between the time it was joined and the time it sought to join the appellees. This is where appellant has not acted diligently.

For the following reasons, we hold that where an additional defendant is joined too late to allow joinder of another additional defendant in compliance with the 60–day limit, he remains bound by Rule 2253 to show sufficient cause for any subsequent delay in initiating joinder.

Under the original Rule 2253, each additional defendant was given a period of sixty days after being served with the adversary's pleading, in which he was permitted to join an additional defendant. Under the original rule, it was therefore possible to delay the action time after time by the successive joining of additional defendants. To avoid this, the present Rule 2253 provides one sixty-day period of limitation, running from the date on which the original defendant is served with a copy of the plaintiff's initial pleading or an amendment thereof, for all defendants and additional defendants seeking to join an additional defendant. It is recognized that "in most instances the sixty-day period will have expired by the time the first additional defendant has been served with the writ of joinder." *Goodrich-Amram 2d.* § 2253.2 at 99. However, "the harshness of a strict statute of limitation is avoided ... by the provision that the court upon cause shown may permit a later filing." *Id.* Therefore, although appellant could not have joined appellees within the automatic sixty-day appeal period, it remained incumbent upon appellant to justify the further delay of 100 days.

■ In its Petition for Extension of Time to Join Additional Defendants, appellant offered no explanation whatsoever, stating only that sixty days had already passed by the time it received notice of its own joinder. In its Memorandum of Law in Opposition to Preliminary Objections, appellant's proffered explanation for the 100–day delay was that the case was procedurally complicated by one additional defendant and that appellant had experienced a change in counsel during the 100–day lapse. This alone, accompanied by no further details, is insufficient to sustain appellant's burden.

■ Appellant also points out that neither the original plaintiff nor the original defendant have objected to the joinder of appellees. In *NPW Medical Center of N.E. Penna., Inc. v. LS Design Group, P.C.*, 353 Pa.Superior Ct. 341, 509 A.2d 1306 (1986), all parties of record stipulated to the late joinder and the stipulation was approved by the trial court. Yet, upon the preliminary objections of the additional defendant, the trial court agreed that the joinder was untimely and dismissed the complaint. This court affirmed. Therefore, in the instant case where there is no stipulation by plaintiff but merely the absence of any opposition, the trial court did not abuse its discretion by sustaining appellee's preliminary objections.

■ We are mindful of the general principle that the procedural rules applicable to controversies involving third party procedure should be liberally construed to avoid a multiplicity of lawsuits. However, the goal of judicial economy does not alleviate the necessity of establishing "cause" for allowing late joinder.[1] *Id.*

Order affirmed.

---

1. Appellant raises for the first time on appeal the contention that the trial court was required pursuant to Pa.R.C.P. 1028 to take further evidence before making a decision as to "cause" for late joinder. This issue has not been preserved for appellate review.