541 A.2d 13

Jerry LEONARD and Gayle Leonard

v.

PARKWAY CORPORATION and John B. Kelly, Inc. and Six Penn Center Associates Eshbach Kale & Associates.

**Appeal of PARKWAY CORPORATION.**

Superior Court of Pennsylvania.

Submitted March 8, 1988.

Filed May 5, 1988.

James M. Marsh, Philadelphia, for appellant.

Jeffry M. Seiken, Feasterville, for Leonard, appellees.

John M. Cleary, Philadelphia, for Kelly, appellee.

Charles W. Craven, Philadelphia, for Six Penn Center, appellee.

Bruce D. Lombardo, Philadelphia, for Eshbach, appellee.

Before ROWLEY, WIEAND and MONTEMURO, JJ.

PER CURIAM:

 The issue in this appeal is whether the trial court abused its discretion by striking appellant's joinder of an additional defendant for failure to comply with Pa.R.C.P. 2253. Because the joinder was filed more than sixty (60) days after service of the complaint and without leave of court, as required by the rule, the trial court properly caused the joinder to be stricken. Therefore, the order of the trial court will be affirmed.[1]

This action by Jerry Leonard and his wife, Gayle, was commenced against Parkway Corporation (Parkway) and John B. Kelly, Inc. (Kelly) to recover damages for injuries sustained by Leonard when, on July 30, 1985, he struck his head on a concrete overhang in a parking lot operated by Parkway. The complaint was served on Parkway on December 22, 1986. An answer was filed on February 19, 1987, and, on April 28, 1987, Parkway filed a complaint naming Six Penn Center Associates (Six Penn Center) as an additional defendant. Six Penn Center filed preliminary objections to the joinder, alleging that it had been effected in violation of Pa.R.C.P. 2253. The trial court agreed and struck the joinder. Parkway appealed.

Pa.R.C.P. 2253 provides as follows:

Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading

---

1. An order sustaining preliminary objections and dismissing a defendant's complaint joining an additional defendant is a final and appealable order. *Lamoree v. Penn Central Transp. Co.*, 238 Pa.Super. 380, 357 A.2d 595 (1976).

of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown.

The language of this rule is clear. Within sixty days after service of the complaint or any amendment thereof, a defendant may join an additional defendant as of right. "After the expiration of that period, an additional defendant cannot be joined unless leave is obtained from the court upon a showing of cause why joinder was not obtained sooner." 8 Goodrich Amram 2d § 2253:1.

In the instant case, Parkway's complaint against the additional defendant was not filed until one hundred twenty-seven (127) days after service upon Parkway of the plaintiffs' complaint. It was filed, moreover, without leave of court. Because it was filed in violation of the rule, the complaint against the additional defendant could properly be stricken.

Order affirmed.