563 A.2d 151

**William GLABBATZ and Deborah Glabbatz, h/w,**

**v.**

**TERMINAL FREIGHT HANDLING CO. a/k/a Terminal Freight Cooperative Association and V.S.P. Personal Touch, Inc.**

**Appeal of TERMINAL FREIGHT HANDLING CO. a/k/a Terminal Freight Cooperative Association.**

Superior Court of Pennsylvania.

Argued Jan. 31, 1989.

Filed Aug. 17, 1989.

448

Louis S. Croce, King of Prussia, for appellant.

Robert Keller, Philadelphia, for V.S.P. Personal Touch, Inc., appellee.

Before KELLY, JOHNSON and MELINSON, JJ.

KELLY, Judge:

In this case we are called upon to determine whether a trial court abused its discretion in denying allowance to file a late joinder complaint against an additional defendant under Pa.R.C.P. 2253, when the "cause" for untimely joinder was alleged to be the original defendant's ongoing but unsuccessful attempt to reach a settlement with the plaintiff. We find no abuse of discretion, and accordingly affirm the order granting the additional defendant's preliminary objections and dismissing the original defendant's untimely joinder complaint against the additional defendant.

The relevant facts and procedural history may be briefly summarized as follows. William Glabbatz—plaintiff (appellee), was injured when he slipped and fell on property owned by Terminal Freight Co.—original defendant (appellant). Appellant had a contract with V.S.P. Personal Touch, Inc.—additional defendant (appellee), wherein appellee-V.

S.P. would perform maintenance and janitorial services for appellant on their property. On October 10, 1987, appellee-Glabbatz served notice of his complaint in negligence upon appellant. On March 28, 1988, appellant answered the complaint, and the following day filed its joinder complaint against appellee-V.S.P. Thereafter, appellee-V.S.P. filed its preliminary objections which were granted, and appellant's complaint was dismissed with prejudice. This timely appeal followed. We note that it is well established that an order granting preliminary objections and dismissing defendant's complaint as to an additional defendant is final and appealable. *Signal Consumer Discount Co. v. Babuscio,* 257 Pa.Super. 101, 390 A.2d 266 (1978).

Appellant raises the following four contentions on appeal:

I. The Joinder should have been permitted.

II. The Joinder, having been stricken, appellant should have not been precluded from filing a Motion for Permission to file a later Joinder.

III. There was no prejudice arising from the late Joinder.

IV. The Lower Court's Order should not be construed as precluding any later, separate suit between Terminal Freight Handling Company and V.S.P. Personal Touch, Inc. concerning rights of contribution and indemnity.

(Appellant's Brief at 3). We find no merit in the contentions.

## I. *Untimely Joinder*

Appellant's first three contentions taken together assert a claim that the trial court abused its discretion in failing to permit late joinder of an additional defendant in this case. Appellant contends that the reason for the delay was a legitimate attempt to settle the claim with the plaintiff, that neither the plaintiff nor the additional defendant were prejudiced by the delay, and therefore it was unreasonable for

the trial court to deny allowance to file the late joinder complaint. We cannot agree.

■ The applicable rule of procedure provides as follows:

Neither praecipe for a writ to join an additional defendant nor a complaint if joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant *later than sixty (60) days after the service upon the original defendant of the initial pleading* of the plaintiff or any amendment thereof *unless such filing is allowed by the court upon cause shown.*

Pa.R.C.P. 2253 (Emphasis added). Because the joinder complaint against the additional defendant was filed more than 60 days after service of the complaint in this case, it was incumbent upon defendant/appellant to show "cause" why late joinder should be permitted. *See Exton Development v. Sun Oil Co. of Pa.*, 363 Pa.Super. 17, 525 A.2d 402 (1987).

■ In *NPW Medical Center v. L.S. Design Group, P.C.*, 353 Pa.Super. 341, 509 A.2d 1306 (1986), Judge Montemuro cogently explained:

It is clear that the burden of demonstrating sufficient cause to allow the unseasonable joinder of an additional defendant rests with the defendant. Although Rule 2253 neither specifies what constitutes sufficient cause nor delineates the factors to be taken into consideration, our Supreme Court has stated that, in this regard:

"The court ... should be guided by the objective sought to be achieved by use of the additional defendant procedure in conjunction with the purpose for which a 60–day limitation was placed on its unrestricted use. In a capsule, these rules are an attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties ... without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation."

*Zakian v. Liljestrand*, 438 Pa. 249, 256, 264 A.2d 638, 641 (1970). The court has required that a defendant seeking late joinder must establish some reasonable justification for its delay. Finally, the question of whether sufficient

cause has been established so as to permit an extension of time is a matter resting within the sound discretion of the trial court, whose decision will not be disturbed absent an abuse of that discretion. Therefore, the issue before this court is whether the trial court abused its discretion in concluding that appellant did not establish sufficient cause to permit late joinder.

509 A.2d at 1308–09 (citations and footnote omitted).

Like the appellant in *N.P.W. Medical Center v. L.S. Design Group, P.C., supra,* appellant herein emphasizes the fact that Pa.R.C.P. 2253 is designed to prevent prejudice caused to complainants by unnecessary delay, and that the plaintiff in this case claimed no prejudice. Appellant's reliance upon this argument is misplaced. In *N.P.W. Medical Center,* Judge Montemuro also explained:

First, it is certainly true that *Zakian v. Liljestrand, supra,* states that, in determining whether sufficient cause has been shown, the court must consider that one of the purposes of Rule 2253 is to prevent the plaintiff from suffering prejudice regarding the prosecution of its portion of the litigation due to the defendant's delay. However, the rule is clearly premised on a more general purpose as well, *i.e.,* to ensure the expeditious resolution of multi-party lawsuits. As stated in *Zakian v. Liljestrand,* "these rules are an attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties." *Id.* 438 Pa. at 256, 264 A.2d at 641 (emphasis added). This purpose would not be furthered by allowing defendants seeking joinder of an additional defendant to procrastinate and respond to the court at their convenience. "Before the defendant can ask the court to help him secure a just, speedy and inexpensive determination of the suit by permitting late joinder, he must have acted expeditiously himself." *Id.,* 438 Pa. at 258, 264 A.2d at 642–43. It cannot be denied that, in the instant case appellant did not act expeditiously.

Second, were we to adopt appellant's position that it need not show any cause for its delay, we would be

ignoring the clear language of Rule 2253, which does not limit the requirement that cause be shown only to cases where the plaintiff objects to the joinder.

509 A.2d at 1310.

Hence, the absence of prejudice to, or complaint by, the plaintiff is not dispositive of a challenge to the trial court's refusal to permit late joinder of an additional defendant. Rather, the entire question of whether denial of allowance to make late joinder was an abuse of discretion, in this case, is reduced to a question of whether appellant's explanation, that the delay was caused by appellant's efforts to settle the case, constitutes sufficient "cause" for delay to make the denial of allowance to make late joinder of the additional defendant an abuse of discretion.

■ Appellant argues that its ongoing effort to settle the lawsuit was laudable and in furtherance of the same general goal as Pa.R.C.P. 2253, *i.e.* the expeditious resolution of disputes. We agree. The settlement of disputes is in fact a laudable and favored objective which will often move a court to exercise its discretion to permit the parties to continue negotiations, rather than compel an adversarial joining of the issues which might prejudice such negotiations.

We do not agree, however, with appellant's further suggestion that, because settlement was desirable, the late joinder should have been excused. There is simply no reasonable nexus between appellant's settlement efforts and appellant's failure to file a timely joinder complaint. Nothing whatsoever precluded appellant from preserving its right to pursue a claim against the additional defendant in this action by filing a timely joinder complaint, while still proceeding earnestly with settlement negotiations with the plaintiff. There was nothing mutually exclusive about those potential courses of conduct.

■ In this respect the present case is roughly analogous to the situation in *Commonwealth v. Burruss*, 380 Pa.Super. 272, 551 A.2d 580 (1988), wherein an *en banc* panel of

this Court held that the running of a statute of limitations period was not tolled or extended on a bad check charge by the defendant's post-dishonor promises to pay the amount owed on the check. The messages of *Burruss* and of this case are similar, *i.e.* while attempts to reach settlement and amicable resolution of disputes are favored, a claimant assumes the risk that his legal rights will be lost or restricted if the claimant fails to take the steps required to preserve legal rights while separate contemporaneous attempts to reach an out-of-court settlement are conducted.[1]

■ Finally, we note that appellant had full knowledge of its potential claim against the additional defendant when the original complaint was first received. No protracted discovery or investigation is necessary to put a defendant on notice of its potential claim by a joinder complaint against its office maintenance provider in a case involving a plaintiff's slip and fall at the defendant's office. Thus, the untimeliness is not excusable based on delayed discovery grounds either. *See N.P.W. Medical Center v. L.S. Design Group, supra,* 509 A.2d at 1309; *Riccobono v. Keystone Helicopter, Corp.,* 352 Pa.Super. 186, 507 A.2d 834 (1986).

Hence, we find no abuse of discretion with respect to the grant of preliminary objections, the dismissal of the complaint against the additional defendant, or the denial of allowance of late joinder.

## II. *Effect of Denial of Late Joinder*

■ Appellant also contends on appeal that the order dismissing the joinder complaint "with prejudice" should not be construed to preclude or otherwise affect appellant's right to file a separate complaint against appellee for contribution or indemnity. This claim is plainly not ripe for review as there is no order before this Court which has attempted to construe the order on appeal in the manner which appellant suggests. This Court has neither the au-

1. We do not suggest, of course, that the honor of a bad check would preclude prosecution of an already completed criminal offense in the manner which settlement of a civil claim would preclude further civil litigation. The analogy drawn is concededly a rough one.

thority nor the inclination to render a declaratory judgment on the question presented. Rather, it is for the trial court in which such a conflict may arise to decide that question in the first instance, if that question ever in fact actually arises. Only on appeal from such an order would we be properly called upon to reach that issue.

## Conclusion

Based upon the foregoing, the order dismissing appellant's untimely joinder complaint against additional defendant/V.S.P. is affirmed.