## Wander v. National Development Corp.

*Allan R. Wander,* in propria persona.

*Michael C. Colville,* for defendant National Development Corp.

*James Thomas Jr.,* for defendant, City of Pittsburgh, Department of Public Works.

WETTICK, *J.,* July 2, 1991—On March 22, 1991, plaintiff obtained a judgment against defendant National Development Corporation in proceedings before a district justice. On March 28, 1991, National Development filed a notice of appeal. On April 8, 1991, National Development mailed copies of the notice of appeal to defendant and to the district justice who entered the judgment. On April 11, 1991, National Development filed its proof of service of notice of appeal. On April 15, 1991, upon praecipe of plaintiff, the prothonotary marked the appeal stricken pursuant to Pa.R.C.P.D.J. no. 1005B.

National Development filed a petition for reinstatement of the appeal. By court order dated May 2, 1991, this court denied the petition. National Development filed an appeal from the entry of this court order. This opinion setting forth this court's reasons for the entry of the order is filed pursuant to Pa.R.A.P. 1925.

Rule 1005B requires an appellant to file with the prothonotary proof of service of copies of its notice of appeal and proof of service of the rule upon the appellee to file a complaint within five days after the filing of the notice of appeal. Rule 1006 provides that upon failure of the appellant to comply with Rule 1005B, the prothonotary shall, upon praecipe of the appellee, mark the appeal stricken from the record. This rule further provides that the court may reinstate the appeal "upon good cause shown."

In the present case, the factual allegations in National Development's amended petition for reinstatement of the appeal did not establish any "good cause" for the noncompliance with the requirement that the notice of appeal be served within five days of the appeal. The amended petition simply states that the delay in mailing the notice to the plaintiff was due to an "inadvertent clerical error" and that plaintiff was not prejudiced by the short delay.

In *Hyde v. Crigler,* 10 D.&C.3d 769 (1979), appellants failed to file their proof of service until 13 days after the appeal was taken. However, they had attached to their proof of service the receipts signed by the appellee showing that he had received copies of the notice of the appeal and rule to file a complaint within five days after the appeal was taken. I reinstated the appeal because the purpose of Rule 1005A's five-day requirement—to insure that the appellee is promptly notified of the appeal in order

that he or she may cause the case to proceed—had been fulfilled.[1]

In *Hyde,* I specifically stated that the opinion should apply only to the appellant who can establish that the notice of appeal was timely served and who has not deliberately ignored the filing requirements of Pa.R.C.P.D.J. no. 1005B. (Also see *Berry v. Sheaffer, supra.)* I stated that a different result would have been reached if the appellant had failed to serve the notices of appeal upon the appellee or the district justice within the five-day period. See *City of Easton v. Marra,* 230 Pa. Super. 352, 326 A.2d 637 (1974); *Cluck v. Geigley,* 58 D.&C.2d 429, 431 (1972).

National Development argues that we should not enforce the five-day provision because there was no prejudice to the plaintiff from the late service of the notice of appeal. As evidence of the absence of prejudice, National Development refers to plaintiff's filing a complaint on April 15, 1991.[2] However, the absence of prejudice to the appellee is not a sufficient basis for reinstating the appeal. *City of Easton v. Marra.* The standard of "good cause shown" requires a showing of a reasonable excuse for the failure to comply with Rule 1005B. *Glabbatz v.*

---

1. Subsequently, courts have reached the same result where the appellee had actual notice of the appeal within five days after the appeal was taken in *Quarato v. Facelifters Ltd.,* 305 Pa. Super. 536, 451 A.2d 777 (1981); *Beck v. Weitzenhoffer,* 49 D.&C.3d 112 (1988); *Berry v. Sheaffer,* 42 D.&C.3d 480 (1987); and *Seiple v. Pitterich,* 35 D.&C.3d 592 (1984).

2. In its petition to reinstate the appeal, its brief in support of the petition and its statement of the matters complained of, National Development never claims that plaintiff waived its right to seek a non pros because he filed a complaint. Consequently, this is not an issue in this case. (I have included this footnote only to explain why I have not considered this issue. I am not suggesting that National Development overlooked a meritorious claim.)

630

*Terminal Freight Handling Co.,* 386 Pa. Super. 447, 563 A.2d 151 (1989); *NPW Medical Center v. LS Design Group, P.C.,* 353 Pa. Super. 341, 509 A.2d 1306 (1986); *International Telephone and Telegraph Corp. v. Philadelphia Electric Co.,* 250 Pa. Super. 378, 378 A.2d 986 (1977).

I recognize that in the present case the appeal was filed well before the expiration of the 30-day appeal period so that National Development's failure to serve the notice of the appeal within the five day period was not intended to cause delay. However, if prejudice and intent become the controlling factors, there would be a basis for reinstating an appeal in almost all situations. We would be substituting Rule 1005B's precise standard that is easy to apply—five days in the absence of cause shown—for a standard that offers almost no guidance. I believe that we need the line that Rule 1005B has drawn in order for the appeal process to work as intended. Compare *Spectrum Pool Service Inc. v. Schettone-Brown,* 124 Montg. L.R. 163 (1989), with *Felker v. Seashock,* 47 D.&C.3d 126 (1987).

For these reasons, I dismissed the petition for reinstatement of appeal.