John W. KENNEDY

v.

Robert HEALY.

**Appeal of Paul J. McARDLE.**

Superior Court of Pennsylvania.

Filed May 1, 1998.

Paul J. McArdle, Pittsburgh, for appellant, pro se.

David C. Martin, Pittsburgh, for Kennedy, pro se.

Before DEL SOLE, MUSMANNO and ORIE MELVIN, JJ.

OPINION PER CURIAM.

This is an appeal from the order entered in the Court of Common Pleas of Allegheny County, directing attorney, Paul J. McArdle, to turn over his case files in the case of John Kennedy v. Robert Healy No. GD 97–9956. McArdle sought a stay in this court. The stay was temporarily granted pending a decision on the finality of the order appealed. The parties were given an opportunity to brief the issue. We now hold the order to be interlocutory and unappealable and the motion for stay rendered moot.

Plaintiff, John Kennedy, hired attorney Paul McArdle to represent him in two actions arising from injuries he sustained after allegedly being assaulted by his foreman at Shadyside Hospital. Kennedy brought suit for workers' compensation benefits and a second suit against his foreman, Robert Healy. Attorney McArdle interviewed Kennedy's treating physician and discovered discrepancies between Kennedy's and the doctor's versions of Kennedy's injuries. McArdle scheduled a conference to discuss the matter with Kennedy and, on October 10, 1997, Kennedy informed McArdle that he would not attend the conference and that McArdle should not go forward with the cases because Kennedy wished to seek other counsel. McArdle asked for written termination of the attorney-client relationship and prepared an itemized bill for services rendered. The bill was never paid and, on October 24, 1997, the trial court granted McArdle leave to withdraw as counsel.

Kennedy's new attorney contacted McArdle for Kennedy's file and was told that it would be held pending satisfaction of Kennedy's bill. New counsel presented a rule to show cause why McArdle should not be compelled to return Kennedy's file. On January 16, 1998, the trial court entered an order directing McArdle to relinquish the file and stating that the order was final and appealable. McArdle then filed the instant appeal.

██ Notwithstanding the trial court's determination that the order is final and appealable, we find the matter to be interlocutory. In *Kenis v. Perini Corp.*, 452 Pa.Super. 634, 682 A.2d 845 (1996), this court held an order demanding that an attorney turn over her file to new counsel to be interlocutory and unappealable. There, this court also noted that the appellant had not sought certification of an interlocutory order pursuant to Pa.R.A.P. 341(c). Such certification, however, does not appear to be dispositive of the issue of appealability. In fact, we would find that orders demanding counsel to turn over files are not amenable to Rule 341(c) certification. Prior to its amendment in 1992, Rule 341 simply stated that appeals were to be taken from final orders. Case law carved out various exceptions for those orders dismissing less than all parties, *Leonard v Parkway Corp.*, 373 Pa.Super. 283, 541 A.2d 13 (1988), or deciding fewer than all causes of action, *General Machinery Corp. v. Feldman*, 352 Pa.Super. 180, 507 A.2d 831 (1986). With the 1992 amendment, Rule 341(c) specifically addressed those types of orders previously deemed appealable, by stating that they must now be certified by the trial court. A Rule 341(c) certification can only be granted involving orders that have dismissed less than all claims or parties to an action. It is not applicable to the instant order.

In his Brief in Furtherance of Appeal, McArdle also argues that the appeal is proper pursuant to the collateral order doctrine set forth in Pa.R.A.P. 313. Case law, however, does not support McArdle's position. In *Kenis, supra*, the court specifically addressed this issue finding that, while the order in question was separate and collateral to the main cause of action and was sufficiently important for review, it did not meet the third criterion for a collateral appeal. The *Kenis* court reasoned that the issue would not escape review because the attorney had three years from the date the attorney-client relationship was terminated to seek redress. More recently, in a somewhat analogous case, the Supreme Court held that orders disqualifying counsel are interlocutory and unappealable, specifically rejecting review under the collateral order doctrine. *Commonwealth v. Calvin Johnson*, —— Pa. ——, 705 A.2d 830 (1998).

■ Accordingly, we hold that orders directing an attorney to turn his/her files over to new counsel are interlocutory and unappealable and not subject to certification under Pa.R.A.P. 341(c) or review under Pa. R.A.P. 313.

Appeal quashed. Motion for Stay dismissed as moot.