**Valentine v. Mickiewicz**

C.P. of Adams County, no. 97-S-970.

*Thomas M. Schultz,* for plaintiffs.
*D.J. Hart,* for defendant Mickiewicz.
*Andrew T. Kravitz,* for additional defendant Eyler.

BIGHAM, *J.,* July 21, 1998—On October 14, 1997, plaintiffs, Timothy J. Valentine and Michelle C. Valentine, filed a complaint against defendant, Douglas Mickiewicz t/d/b/a Mick Builders. On January 9, 1998, defendant answered plaintiffs' complaint and filed a complaint joining additional defendant, Terry Eyler t/d/b/a Eyler Siding. On March 5, 1998, additional defendant filed preliminary objections.

## STATEMENT OF FACTS

This cause of action arises out of the construction of a residential home. Plaintiffs allege that they entered

into a written agreement for the construction of the home with defendant on August 9, 1995. Plaintiffs further allege that defendant performed the construction in a poor and unworkmanlike manner, including the use of substandard lumber and the improper installation of vinyl siding. The alleged faulty workmanship caused the vinyl siding to wave and buckle. Defendant alleges that it was additional defendant, as subcontractor, who performed all siding-related labor on plaintiffs' home.

## LEGAL DISCUSSION

Additional defendant raises two issues in his preliminary objections. First, he claims that defendant failed to conform to Pa.R.C.P. 2253 because the additional defendant complaint was filed more than 60 days after plaintiffs served the original complaint upon defendant. Second, additional defendant argues that the framer of the residence, Tony Hippensteel, is a necessary party but has failed to be joined, thereby requiring the additional complaint to be dismissed.[1]

Rule 2253 provides as follows:

"Except as provided by Rule 1041.1(e), neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than 60 days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown." Pa.R.C.P. 2253, 42 Pa.C.S.

---

1. The court need not address additional defendant's second objection because the first objection is sustained thereby causing the complaint against him to be dismissed.

In the case at hand, the original complaint was served upon defendant on October 31, 1997. The complaint joining additional defendant was filed on January 9, 1998, 70 days after original service. No permission of the court was obtained to file the additional defendant complaint late.[2] To justify late joinder, the defendant must show: "(1) some reasonable justification or excuse for the delay; (2) a statement of the facts alleged to render the proposed additional defendant alone liable, or liable with, or liable · over to defendant, or liable to the defendant on a proper cross-claim; and (3) allegations that the late joinder will not be prejudicial to the proposed additional defendant. . . .

"Whether cause is shown to justify late joinder is a matter for the sound discretion of the trial court . . . ." *Consul v. Burke*, 403 Pa. Super. 400, 406, 589 A.2d 246, 249 (1991). (citations omitted)

Defendant argues that the delay was due to negotiations with plaintiffs, causing defendant's answer to the complaint and subsequent filing of the additional defendant complaint to be late. However, the Superior Court has held that "[t]here is simply no reasonable nexus between appellant's settlement efforts and ap-

---

2. The court notes that there is authority suggesting that if a defendant attempts to join an additional defendant after the 60-day limit and without permission of the court that the joinder should be stricken without further consideration of cause shown. See *Leonard v. Parkway Corp.*, 373 Pa. Super. 283, 541 A.2d 13 (1988). However, more recent authority suggests that a defendant may be permitted to show cause even when the additional defendant complaint has been filed without court permission. See *Glabbatz v. Terminal Freight Handling Co.*, 386 Pa. Super. 447, 563 A.2d 151 (1989). In the case at hand, which analysis the court applies is of no consequence as the additional defendant complaint will be dismissed under either rationale.

pellant's failure to file a timely joinder complaint." *Glabbatz v. Terminal Freight Handling Co.,* 386 Pa. Super. 447, 453, 563 A.2d 151, 153 (1989). Therefore, this argument is without merit.

Defendant also argues that after having been served with the original complaint he attempted to have discussions with additional defendant about the case but had problems contacting and discussing the case with him. Again, this is not a sufficient reason for the tardiness in filing the additional defendant complaint. Plaintiffs' original complaint clearly states that the lawsuit is brought due to the problems with the vinyl siding. (Plaintiffs' complaint ¶¶6-7.) Defendant's complaint against additional defendant states that "additional defendant in fact performed all siding-related labor on said property." (Defendant's complaint ¶5.) As contractor, defendant knew that additional defendant was the subcontractor responsible for the vinyl siding from the time the original complaint was filed. This is not something that defendant needed to discuss with additional defendant before filing the additional defendant complaint. See *Taylor v. Kemper National Insurance Co. Inc.,* 39 Ad.Co.L.J. 137 (holding that a late joinder be stricken where the defendant had been fully aware of the facts justifying joinder). Thus, defendant has shown no reasonable justification for the delay in filing the additional defendant complaint.

Although this court is aware that procedural rules applying to third party procedures are to be liberally construed, "the goal of judicial economy does not alleviate the necessity of establishing 'cause' for allowing late joinder." *Exton Development v. Sun Oil Company of Pennsylvania,* 363 Pa. Super. 17, 22, 525 A.2d 402, 404 (1987). Additionally, as pointed out in Goodrich-Amram:

"The enforcement of the 60-day limitation will not ordinarily work any hardship on the moving party who is barred from joining an additional defendant. If the moving party has a claim against the proposed additional defendant, he may bring a subsequent separate action against him, and thus, while subjected to delay, his substantive rights are not impaired. If the contention of the moving party is that the proposed additional defendant is solely liable to the plaintiff, the defendant may assert that defense in the plaintiff's action even though the proposed additional defendant is not joined as a party to the action." Goodrich-Amram 2d §2253:5.

Thus, defendant's complaint joining additional defendant is properly dismissed.

Accordingly, the attached order is issued.

### ORDER

And now, July 21, 1998, additional defendant's preliminary objections are sustained in part. Defendant's complaint joining additional defendant is hereby dismissed.