509 A.2d 1306

NPW MEDICAL CENTER OF N.E. PENNA., INC.

v.

LS DESIGN GROUP, P.C., the Ballinger Company, Corbit's, Inc., Lewis Reuter, IV, Turner Construction Company and Sordoni Construction Company, T/A the Joint Venture of Turner Construction Company and Sordoni Construction Company

v.

PENNSYLVANIA GAS AND WATER CO., American Casualty Co. of Reading and Republic Steel Co.

Appeal of TURNER CONSTRUCTION COMPANY and Sordoni Construction Company T/A the Joint Venture of Turner Construction Co. and Sordoni Construction Co.

Superior Court of Pennsylvania.

Argued Jan. 14, 1986.

Filed May 30, 1986.

342

Mark L. Parisi, Philadelphia, for appellants.

Thomas Martin, Philadelphia, for appellee.

Before ROWLEY, MONTEMURO and KELLY, JJ.

MONTEMURO, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County sustaining the preliminary objections of a proposed additional defendant to the complaint filed against it.

On March 2, 1984, plaintiff, NPW Medical Center of N.E. Penna., Inc., (hereinafter "NPW") filed a complaint against several defendants, including appellant, The Joint Venture of Turner Construction Co. and Sordoni Construction Co.[1] (hereinafter "Turner/Sordoni"). The complaint alleged faulty workmanship in the defendants' design and installation of a water system at NPW which resulted in premature corrosion of the pipes. Service of the complaint was effected on Turner/Sordoni on March 5, 1984. Its answer was filed on August 14, 1984.

On November 20, 1984, the parties of record as of that date entered into a stipulation allowing Turner/Sordoni to file a complaint against an additional defendant, Pennsylvania Gas and Water Co. (hereinafter PG & W), appellee

---

1. Turner/Sordoni was the general contractor for the NPW project.

.. 

344

herein. The stipulation was approved by the trial court on November 21, 1984. On the same day, appellant filed its complaint against PG & W alleging that the water which PG & W had supplied to NPW was corrosive and incompatible with the pipes which Turner/Sordoni had installed. The complaint, based on theories of negligence, products liability, and breach of warranty, sought to hold PG & W either solely liable to NPW or liable to Turner/Sordoni for contribution and/or indemnity.

PG & W filed preliminary objections to Turner/Sordoni's complaint on the basis, *inter alia*, that its joinder was untimely under Pa.R.C.P. 2253.[2] On March 12, 1985, the trial court, agreeing that the attempted joinder was untimely, entered an order sustaining PG & W's preliminary objections and dismissing the complaint against it. Turner/Sordoni brought the instant appeal, raising a single question for our review: Did the trial court err in dismissing appellant's complaint against PG & W on the basis of noncompliance with Pa.R.C.P. 2253? The rule reads as follows:

> Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof *unless such filing is allowed by the court upon cause shown.* (Emphasis added).

The attempted joinder in the instant case was made more than six months beyond the sixty (60) day limit provided by

---

**2.** The preliminary objections also asserted that Turner/Sordoni's complaint failed to state a cause of action against PG & W.

We note that although the trial court approved the stipulation allowing PG & W's joinder, PG & W was not a party to that stipulation. An additional defendant is entitled to contest his joinder by filing preliminary objections to the original defendant's complaint. This opportunity is especially necessary where the initial allowance of joinder was *ex parte. McDevitt v. Avis Rent-A-Car,* 443 Pa. 49, 277 A.2d 815 (1971). *See also Welch Foods, Inc. v. Bishopric Products, Co.,* 254 Pa.Super. 256, 385 A.2d 1007 (1978).

Rule 2253. The trial court refused to allow joinder based on its conclusion that appellant had failed to establish any reasonable explanation for the lengthy delay. Trial court's opinion at 2.

█ It is clear that the burden of demonstrating sufficient cause to allow the unseasonable joinder of an additional defendant rests with the defendant. *Kovalesky v. Esther Williams Swimming Pools*, 345 Pa.Super. 95, 497 A.2d 661 (1985); *Welch Foods, Inc. v. Bishopric Products, Co.*, 254 Pa.Super. 256, 385 A.2d 1007 (1978). Although Rule 2253 neither specifies what constitutes sufficient cause nor delineates the factors to be taken into consideration, our Supreme Court has stated that, in this regard:

> The court ... should be guided by the objectives sought to be achieved by use of the additional defendant procedure in conjunction with the purpose for which a 60-day limitation was placed on its unrestricted use. In a capsule, these rules are an attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties ... without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation.

*Zakian v. Liljestrand*, 438 Pa. 249, 256, 264 A.2d 638, 641 (1970)(citation omitted). This court has required that a defendant seeking late joinder must establish some reasonable justification for its delay. *Desiderio v. R & R Tire Center, Inc.*, 242 Pa.Super. 135, 363 A.2d 1197 (1976); *Moore v. Howard P. Foley Co.*, 235 Pa.Super. 310, 340 A.2d 519 (1975). Finally, the question of whether sufficient cause has been established so as to permit an extension of time is a matter resting within the sound discretion of the trial court, whose decision will not be disturbed absent an abuse of that discretion.[3] *Zakian v. Liljestrand, supra;*

**3.** Abuse of discretion has been defined as follows:
> An abuse of discretion does not necessarily imply a willful abuse, but if, in reaching a conclusion, the law is overriden or misapplied or the judgment exercised is manifestly unreasonable as shown by the evidence or the record, discretion is then abused and it is the duty of the appellate court to correct the error.

*Kovalesky v. Esther Williams Swimming Pools, supra;*
*Lamoree v. Penn Central Transportation Co.,* 238 Pa.Super. 380, 357 A.2d 595 (1976). Therefore, the issue before this court is whether the trial court abused its discretion in concluding that appellant did not establish sufficient cause to permit late joinder.

Appellant first alleges that sufficient cause was established because, until it had completely investigated the allegations contained in plaintiff's complaint, it could not have known of PG & W's involvement in the case. Appellant implies that the necessary information regarding PG & W was not obtainable within the sixty (60) days provided for joinder in Rule 2253.

Appellant's argument is most unconvincing. Plaintiff's complaint specifically averred that appellant had approved certain materials for the pipes, "[n]otwithstanding that the incoming water supply to NPW is highly corrosive...." (Plaintiff's complaint at paragraph 7). Thus, from the date on which it received the complaint, appellant was placed on notice that an issue existed as to a connection between the allegedly corrosive nature of the water supplied to NPW and the premature corrosion of the pipes. The identity of the supplier of the water to NPW was easily discoverable within sixty (60) days, given any kind of reasonably diligent pre-trial investigation. Appellant did not file its complaint against PG & W until November of 1984, more than eight months after its receipt of plaintiff's complaint. We must agree with the trial court that appellant failed to proffer a reasonable excuse for its delay in attempting to join PG & W as an additional defendant.

Appellant responds with a novel argument. It contends, citing *Zakian v. Liljestrand, supra,* that the sole purpose of Rule 2253 is to prevent the plaintiff from suffering any prejudice in the prosecution of its lawsuit as a result of the defendant's delay in joining an additional defendant. Since

*Prescott v. Prescott,* 284 Pa.Super. 430, 435, 426 A.2d 123, 126 (1981).

plaintiff in the instant case agreed to the late joinder of PG & W, appellant would have us hold that it is therefore not required to establish any reasonable cause for its delay. This question, whether the "cause shown" requirement of Rule 2253 should be dispensed with when the plaintiff agrees to late joinder of an additional defendant, is one of first impression in this Commonwealth.[4] After careful consideration of its merits, we must reject appellant's contention.

■ First, it is certainly true that *Zakian v. Liljestrand, supra,* states that, in determining whether sufficient cause has been shown, the court must consider that one of the purposes of Rule 2253 is to prevent the plaintiff from suffering prejudice regarding the prosecution of its portion of the litigation due to the defendant's delay.[5] However, the rule is clearly premised on a more general purpose as well, *i.e.,* to ensure the expeditious resolution of multi-party lawsuits. As stated in *Zakian v. Liljestrand,* "these rules are an attempt to provide a means to simplify and *expedite* the disposition of matters involving numerous parties." *Id.* 438 Pa. at 256, 264 A.2d at 641 (emphasis added). This purpose would not be furthered by allowing defendants seeking joinder of an additional defendant to procrastinate and respond to the court at their convenience. "Before the defendant can ask the court to help *him* secure a just, speedy and inexpensive determination of the suit by permit-

**4.** Appellant is mistaken that this issue was decided by the memorandum opinion supporting this court's per curiam order in *Dilbeck v. Bar-Van Enterprises, Inc.,* 221 Pa.Super. 756, 289 A.2d 137 (1972). Memorandum opinions are unpublished and "may not be cited as precedent in any brief, argument or subsequent opinion." Business of the Superior Court of Pennsylvania, Internal Operating Procedures V.8 at 9 (1983).

**5.** One situation where late joinder may result in prejudice to the plaintiff exists where the original parties have engaged in discovery. Because the additional defendant will not have participated in such proceedings, plaintiff's suit might have to be delayed in order to allow the additional defendant to conduct discovery. *See Zakian v. Liljestrand,* 438 Pa. 249, 264 A.2d 638 (1970); *Welch Foods, Inc., v. Bishopric Products Co.,* 254 Pa.Super. 256, 385 A.2d 1007 (1978).

ting late joinder, he must have acted expeditiously himself." *Id.*, 438 Pa. at 258, 264 A.2d at 642–43. It cannot be denied that, in the instant case, appellant did not act expeditiously.

Second, were we to adopt appellant's position that it need not show any cause for its delay, we would be ignoring the clear language of Rule 2253, which does not limit the requirement that cause be shown only to cases where the plaintiff objects to the joinder.

In concluding that the trial court was correct in denying the late joinder, we are mindful of the general principle that the procedural rules applicable to controversies involving third party procedure should be liberally construed to avoid a multiplicity of lawsuits.[6] *Ianni v. Pantalone*, 238 Pa.Super. 548, 361 A.2d 772 (1976). However, we believe that to conclude otherwise would be to emasculate Rule 2253 by ignoring its clear requirement that cause must be shown for delay in joinder. We cannot, within the permissible scope of review, hold that the court below abused its discretion in finding that appellant had not established reasonable justification for the late joinder.

Order affirmed.

6. Appellant will now have to file a separate lawsuit against PG & W. We note that, unlike the circumstances existing in our recent case, *National Liberty Life Ins. Co. v. Kling Partnership*, 350 Pa.Super. 524, 504 A.2d 1273 (1986), there are no obstacles to the filing of such a lawsuit. In *National Liberty*, we found that late joinder was appropriate where the defendant's right to institute a separate action for contribution against the additional defendant was destroyed by a settlement between the plaintiff and the additional defendant. In the instant case, appellant's substantive rights have not been impaired by the refusal to allow late joinder.