# Campanella v. Raymark Industries Inc.

*Larry Haft,* for plaintiffs.

*Donald J. Matthews,* for defendant Owens-Corning Fiberglas.

*Lawrence A. Ceisler,* for defendant Center for Claims Resolution.

SUBERS, *J.,* September 27, 1990 — This action for damages for personal injuries allegedly caused by asbestos exposure was commenced by complaint on June 26, 1985, and was served on defendant, Owens-Corning Fiberglas, on July 9, 1985. Counsel appeared on its behalf on August 1, 1985. On November 29, 1989, this case, and others related to it, were placed on the 1990 Montgomery County asbestos trial list for a date in May 1990. On March 27, 1990, an order was issued setting May 31, 1990, as the trial date, and scheduling a settlement conference before the Honorable William W. Vogel, President Judge, on April 25, 1990.

Plaintiff Joseph J. Campanella Jr. was not deposed by any party to this action until April 5, 1990. During the course of that deposition he is alleged to

have identified asbestos-containing products to which he was exposed, manufactured or sold by companies not parties to this action. On May 16, 1990, Owens-Corning Fiberglas filed a "motion to join third-party defendants." Plaintiffs filed an answer, objecting to the joinder only if it would not delay the scheduled trial beyond December 1990.

Upon review of Owens-Corning's motion we noted that it failed to set forth any reason for the delay of nearly five years before taking plaintiff's deposition. Since a necessary element to allow late joinder, a reasonable excuse for the delay, had not even been alleged, and in consideration of the case's rescheduled trial date of October 17, 1990, we entered an order dated July 9, 1990, denying the motion of Owens-Corning without prejudice to its rights to file actions for contribution or indemnification.

A petition for reconsideration on behalf of Owens-Corning Fiberglas was presented to this court, although it does not appear to have been filed of record. On August 7, 1990, we granted reconsideration, vacated our order of July 9, 1990, and scheduled oral argument on the motion for August 28, 1990. Because the disposition of this motion will have an important effect on the ability to bring asbestos cases to trial, and because the joinder of these additional defendants could bring parties who have already settled with plaintiffs back into the action for a determination of cross-claims, we allowed any present or former party to this matter to participate in briefing and argument. Counsel for the Center for Claims Resolution, who represents two parties who have settled with plaintiffs, has filed a brief and argued in opposition to the joinder. Counsel for plaintiffs, while recognizing that his proposed December 1990 trial date would now be an impossi-

bility if joinder is allowed, continues to state conditional opposition. Plaintiffs do not oppose joinder if the delay in bringing the case to trial will not be undue, but do oppose the joinder if a considerable delay will be encountered.

We find that an extensive and unwarranted delay in the resolution of this case will be the result of allowing joinder of additional defendants at this· time. While Owens-Corning Fiberglas now presents "reasons" for delay, we judge those reasons insufficient and refuse to allow late joinder for the following reasons.

Pennsylvania Rule of Civil Procedure 2253 permits a defendant to join an additional defendant, as of course, within 60 days after service upon the original defendant of plaintiffs' initial pleading. The court is also authorized to extend the time for joinder upon cause shown. In order to justify an extension of time, the original defendant has the burden of offering a reasonable excuse for the delay, showing facts alleged to render the proposed additional defendant liable, and demonstrating that the late joinder would not be prejudicial to the proposed additional defendant. Whether there is cause shown is within the discretion of the trial court, and its decision will not be reversed on appeal absent an abuse of discretion. *Kovalesky v. Esther Williams Swimming Pools,* 345 Pa. Super. 95, 497 A.2d 661 (1985). In *Kovalesky* the Superior Court upheld an order refusing to allow late joinder. Two individual defendants had actual knowledge of the alleged involvement of the proposed additional defendant, but relied unreasonably on their preliminary objections to venue as an excuse for not joining the additional defendant. Two corporate defendants were not aware of the third party's involvement, but could have discovered his existence and potential

liability easily by taking depositions of their co-defendants promptly.

In *Zakjian v. Liljestrand,* 438 Pa. 249, 264 A.2d 638 (1970), the Supreme Court upheld an order refusing late joinder where the involvement of a proposed additional defendant could have been ascertained by taking the deposition of a known witness to the accident. The Supreme Court explained that while a separate trial could be avoided with a saving of multiplicity of suits if joinder were permitted, joinder would also result in a delay in trial because the proposed additional defendant had not participated in the discovery proceedings. The court explained:

"Before the defendant can ask the court to help *him* secure a just, speedy and inexpensive determination of the suit by permitting late joinder, he must have acted expeditiously himself. . . ." *Zakjian, supra.* (citation omitted)

Joinder has been refused in other cases where a reasonable investigation would have revealed the identity and involvement of the proposed additional defendant quickly. Thus, in *NPW Medical Center of N.E. Pa. Inc. v. L.S. Design Group, P.C.,* 353 Pa. Super. 341, 509 A.2d 1306 (1986), a complaint averred that faulty workmanship resulted in premature corrosion of pipe used on a construction project, and that defendants approved certain materials notwithstanding that the incoming water supply was highly corrosive. The defendants waited more than 60 days to join the local water company as an additional defendant, even though *its* involvement would have been known from the simplest of investigations. The court explained that although one purpose of the joinder time limitations is to prevent plaintiff from suffering prejudice, plaintiff's lack of objection does not foreclose the issue. A more

general purpose is to insure the expeditious resolution of multi-party lawsuits, and this is not met by allowing a defendant to procrastinate and respond to the court at its convenience.

Owens-Corning Fiberglas avers the following as excuses for its near five-year delay seeking to join additional defendants:

"(12) The reason for the delay in taking plaintiffs' deposition is the unique nature of asbestos litigation. As a rule, in asbestos litigation, depositions are not scheduled until a case is listed for trial. This is due to the fact that the vast majority of asbestos cases settle prior to the commencement of discovery depositions. In an attempt to save legal resources and preserve judicial economy, asbestos cases are many times settled in large groups. That is to say, numerous cases are settled at one time.

"(13) Due to the sheer volume of asbestos cases before this court and other courts, requiring defendants to depose plaintiffs and product identification witnesses within 60 days after the filing of a complaint for the purpose of filing a joinder motion would be extremely burdensome on the defendants.

"(14) Due to the sheer volume of asbestos cases in this jurisdiction and others, requiring defendants to depose plaintiffs and product identification witness within 60 days from the date of complaint for the purpose of filing joinder motions would lead to the filing of such motions in large numbers of cases, the majority of which will settle long before the case is ever scheduled for trial." (Petition for reconsideration, §§12-4.)

We reject these reasons as not furthering judicial economy nor the purpose of Pa.R.C.P. 2253 requiring prompt joinder of additional defendants. Undoubtedly depositions are not taken promptly in many asbestos actions, but this has nothing to do

with judicial economy.* In fact, joinder under the present circumstances means an extraordinary waste of judicial time. The additional defendants will undoubtedly object to late joinder. They have a right to participate in the discovery process, and we cannot accept the assertion of counsel for Owens-Corning Fiberglas that those newly joined parties will accept the previous discovery, and not seek to conduct some on their own.

We then have the choice of delaying the entire trial, or conducting two trials, one for plaintiffs' direct claims, and one for the claims against additional defendants. We traditionally enter orders severing cross-claims by and against defendants who have settled with plaintiffs. We have had asbestos litigation in this court since 1979, and have resolved more than half of the total cases filed, and never had a trial on cross-claims. If Owens-Corning Fiberglas wants to pursue claims for indemnity or contribution against these other parties it is free to do so, because those claims do not arise until it pays a settlement or a judgment is entered against it. *NPW Medical Center of N.E. Pa. Inc. v. L.S. Design Group, P.C., supra; F.J. Schindler Equipment Company v. Raymond Company,* 274 Pa. Super. 530, 418 A.2d 533 (1980).

While the volume of asbestos litigation may not always permit joinder within the 60-day time limit of Pa.R.C.P. 2253, it does not justify a failure to investigate possible additional defendants until after a five-year-old case has been listed for trial. To

---

* In our experience asbestos cases do not settle until we list them for trial. Counsel often appear at settlement conferences scheduled after we list the case without settlement authority because they have not deposed the plaintiff, or had plaintiff examined, or had medical reports reviewed by an expert.

allow this turns our trial list into a suggestion that parties commence discovery.

What is unique about the asbestos litigation is the inordinate amount of time it takes to get these claims resolved. Some of this delay is the inevitable result of the volume and complexity of the litigation, but we will not contribute to further delay by allowing parties to wait until the eve of trial before they seek to join other parties. There is no judicial economy in that, nor is there any in holding multiple trials. We are not alone in this view of the asbestos litigation. In *Lane v. Johns-Manville Corporation,* 8 Phila. Rep. 553 (1983), the Honorable Harry Takiff, then Administrative Judge for Philadelphia's asbestos litigation, refused to permit joinder of additional defendants a year after service of the complaint when no reasonable justification or excuse for delay was offered. The Honorable Charles R. Weiner of the United States District Court for the Eastern District of Pennsylvania, that court's Asbestos Administrative Judge, has recently refused joinder under similar circumstances. *Schaab v. Owens-Corning Fiberglas Corporation,* no. 88-9180, memorandum/order, (E.D. Pa., May 16, 1990).

Owens-Corning Fiberglas can pursue actions for indemnification or contribution if and when it pays a judgment or settlement in this matter. It is not prejudiced by our determination. But two trials are not inevitable. Owens-Corning may prevail at trial, or it may settle for so little that a second action would not be worth pursuing.

The expeditious resolution of asbestos litigation requires that if defendants wish to bring additional defendants before the court, they do so in a timely manner. Waiting until the case is listed for trial cannot satisfy that requirement.