589 A.2d 764

Curtis WHITE

v.

AMERICAN HONDA RESEARCH OF AMERICA, American Honda Motor Company, Honda Research & Development Company, Honda Motor Company, Ltd., Montgomeryville Cycle Center, Devon Honda, Broad Street Honda, Cycle Emporium, Inc. and Land Tool Company

v.

KG ENGINEERING, INC.

Appeal of DEVON HONDA.

Superior Court of Pennsylvania.

Argued March 14, 1991.

Filed April 29, 1991.

Donald B. Scace, Jr., Philadelphia, for Devon Honda, appellant.

Janet W. Mason, Philadelphia, for KG Engineering, appellee.

Before MONTEMURO, JOHNSON and HESTER, JJ.

MONTEMURO, Judge:

Appellant Devon Honda brings this timely appeal from an order sustaining the preliminary objection of appellee KG

Engineering, Inc., and dismissing Devon Honda's joinder complaint against additional defendant KG Engineering. The issue on appeal is whether the trial court abused its discretion in concluding that Devon Honda failed to show reasonable cause for the late joinder of KG Engineering, where the joinder occurred 22 months after the filing of the original complaint. We affirm.

On June 1, 1988, plaintiff Curtis White instituted this action alleging negligence, strict liability and breach of express and implied warranty arising out of a motorcycle accident which occurred on June 6, 1986. Original defendant Devon Honda filed its answer on October 4, 1988. Discovery subsequently ensued, and on February 13, 1990, Devon Honda had the opportunity to inspect the motorcycle upon which plaintiff was riding at the time of the accident. Upon inspecting the motorcycle, the defendants learned that in fact KG Engineering was the designer and/or manufacturer of the motorcycle's allegedly defective "safety guard" or "engine bar." On April 6, 1990, the trial court entered an order permitting the late joinder of additional defendant KG Engineering, and on April 17, 1990, Devon Honda filed its joinder complaint against appellee KG Engineering. Appellee responded by filing preliminary objections seeking dismissal of the joinder complaint on grounds that Devon Honda failed to set forth a reasonable explanation for its delay of almost two years in joining KG Engineering as an additional defendant. The court sustained KG Engineering's preliminary objections and dismissed the joinder complaint.

■ The applicable rule of civil procedure provides:

**Rule 2253. Time for Filing Praecipe or Complaint.**

Neither praecipe for a writ to join an additional defendant nor a complaint if joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown.

Pa.R.C.P. 2253. Where the joinder complaint against the additional defendant is filed more than 60 days after service of the complaint on the original defendant, the burden of demonstrating sufficient cause to allow the late joinder rests with the defendant, who must establish some reasonable justification for the delay. *Glabbatz v. Terminal Freight Handling*, 386 Pa.Super. 447, 563 A.2d 151 (1989); *Exton Development v. Sun Oil Co. of Penna.*, 363 A.2d 17, 525 A.2d 402 (1987); *NPW Medical Center v. L.S. Design Group, P.C.*, 353 Pa.Super. 341, 509 A.2d 1306 (1986). "[T]he question of whether sufficient cause has been established so as to permit an extension of time is a matter resting within the sound discretion of the trial court, whose decision will not be disturbed absent an abuse of that discretion." *Id.*, 353 Pa.Superior Ct. at 345, 509 A.2d at 1309 (footnote omitted).

■ It is unclear exactly when the complaint was served upon Devon Honda. In its appellate brief, Devon Honda states that the complaint was served in July, 1988. The docket entries show that on August 8, 1988, counsel for Devon Honda entered his appearance in this case. Thus, Devon Honda was on notice sometime prior to August 8, 1988 of the allegation of defect regarding the motorcycle's engine bar, as the complaint clearly asserts theories of recovery based on the defendant's negligence and strict liability relative to the manufacture, testing and assembly of the engine bar. *See* Complaint, paras. 22, 23, 26, 27, 28, 29, 30, 32, 34, 36, 37, 39, 44, 51. Two months later, on October 4, 1988, Devon Honda filed its answer and new matter.

KG Engineering was not joined as an additional defendant in this suit until April, 1990. Devon Honda attributes its delay in joining KG Engineering to the fact that the defendants were not aware of KG Engineering's involvement until the inspection of the motorcycle which took place on February 13, 1990. *See* Petition of Defendant Honda for Extension of Time Within Which to Join KG Engineering, Inc. Nunc Pro Tunc at 2–3. Devon Honda asserts that plaintiff's failure to cooperate with discovery requests and

to produce the motorcycle voluntarily for inspection necessitated the filing of a motion to compel the inspection of the vehicle, contributing to the delay in ascertaining the designer and manufacturer of the engine guard. *Id.* Two months after the court ordered plaintiff to produce the motorcycle for inspection, the defendants inspected the vehicle.

Although Devon Honda served a request for production of documents on plaintiff, the record does not reveal the filing of any discovery requests made by Devon Honda to obtain a visual inspection of the motorcycle. In fact, the inspection of the motorcycle was accomplished through the efforts of another defendant, American Honda Motor Co., Inc., who presented a motion to compel the inspection of the motorcycle on December 11, 1989, approximately 18 months after the filing of the complaint. Although a timely response by plaintiff to Devon Honda's request for production of the sales records of the motorcycle may have provided Devon Honda with information as to the identity of the manufacturer of the safety guard, Devon Honda could have obtained the desired information through other means. Devon Honda has offered no explanation for its failure to make a prompt attempt to inspect the vehicle itself or to obtain discovery from the other defendants regarding the safety guard.

Devon Honda also argues that the joinder of KG Engineering furthers the underlying purpose of Rule 2253 to avoid a multiplicity of lawsuits. We have held, however, that this stated purpose of Rule 2253 does not obviate the requirement that cause must be shown to justify the late joinder. *See, e.g., NPW Medical Center, supra.*

The trial court concluded that Devon Honda did not meet its burden of establishing sufficient cause to excuse its delay, as Devon Honda should have had sales records showing KG Engineering's potential involvement in this litigation. The court further reasoned that KG Engineering would be prejudiced by the late joinder, as KG Engineering "has been deprived of the opportunity to conduct prompt

post-accident investigations." Trial Court Opinion, September 21, 1990 at 3.

In view of the particular facts of this case and the lengthy period of delay between service of the complaint and joinder of additional defendant KG Engineering (approximately 21 months), we conclude that the trial court did not abuse its discretion in concluding that Devon Honda failed to provide a reasonable basis for its delay in joining KG Engineering.

In view of the foregoing, we affirm the order of the trial court.

Order affirmed.