593 A.2d 1277

Charles FRANCISCO and Cecilia Francisco, H/W

v.

FORD MOTOR COMPANY, Eaton Corporation and Hertz Penske Truck Leasing, Inc.

Appeal of HERTZ PENSKE TRUCK LEASING, INC.

Superior Court of Pennsylvania.

Argued April 2, 1991.

Filed June 11, 1991.

Reargument Denied Aug. 14, 1991.

Petition for Allowance of Appeals Denied
Dec. 17, 1991.

See also, 397 Pa.Super. 430, 580 A.2d 374.

Robyn J. Farrell, Philadelphia, for appellant.

Don P. Foster, Philadelphia, for Francisco, appellees.

Before WIEAND, OLSZEWSKI and BROSKY, JJ.

WIEAND, Judge:

More than four years after service of the complaint in this products liability litigation, Hertz Penske Truck Leasing, Inc. (Hertz) filed a petition for leave to join Simpson Industries, Inc. as an additional defendant. The trial court denied the petition, and Hertz appealed. It contends that the denial of its petition constituted an abuse of the trial court's discretion. We disagree and affirm the order of the trial court.

Pa.R.C.P. 2253 establishes the time within which to join an additional defendant as follows:

[N]either praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an

additional defendant later than sixty days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown.

The goal of this and other rules pertaining to the joinder of additional defendants is "to provide a means to simplify and expedite the disposition of matters involving numerous parties ... without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation." *Zakian v. Liljestrand,* 438 Pa. 249, 256, 264 A.2d 638, 641 (1970). Before late joinder can properly be granted, the petitioning defendant or additional defendant must show sufficient cause. Neither Rule 2253 nor the Supreme Court has defined sufficient cause for late joinder, but it has been suggested that a court should be guided by the objectives sought to be achieved by the additional defendant procedure. *Id.* The Superior Court, however, has said that, in addition to showing a proper grounds for joinder, a party requesting late joinder must show (1) some reasonable excuse for the delay and (2) that the original plaintiff will not be prejudiced by the late joinder. See: *NPW Medical Center v. LS Design Group, P.C.,* 353 Pa.Super. 341, 345, 509 A.2d 1306, 1308–1309 (1986). See also: *Consul v. Burke,* 403 Pa.Super. 400, 589 A.2d 246 (1991); *Prime Properties Dev. v. Binns,* 397 Pa.Super. 492, 580 A.2d 405 (1990); *Glabbatz v. Terminal Freight Handling,* 386 Pa.Super. 447, 563 A.2d 151 (1989); *Riccobono v. Keystone Helicopter Corp.,* 352 Pa.Super. 186, 189, 507 A.2d 834, 836 (1986). "[W]hether sufficient cause has been established so as to permit an extension of time is a matter resting within the sound discretion of the trial court, whose decision will not be disturbed [on appeal] absent an abuse of that discretion." *NPW Medical Center v. LS Design Group, P.C., supra,* 353 Pa.Super. at 345, 509 A.2d at 1309. "An abuse of discretion is synonymous with a failure to exercise a sound, reasonable, and legal discretion. It is a strict legal term indicating that [an] appellate court is of opinion that there was commission of an error of law by the

trial court. It does not imply intentional wrong or bad faith, or misconduct, nor any reflection on the judge, but means [a] clearly erroneous conclusion and judgment—one that is clearly against logic and [the] effect of such facts as are presented in support of the application or against the reasonable and probable deductions to be drawn from the facts disclosed upon the hearing; an improvident exercise of discretion; an error of law." *Commonwealth v. Powell,* 527 Pa. 288, 297 fn. 8, 590 A.2d 1240, 1249 fn. 8 (1991), quoting Black's Law Dictionary, 5th Ed. (1979). See also: *NPW Medical Center v. LS Design Group, P.C., supra,* 353 Pa.Super. at 345 n. 3, 509 A.2d at 1309 n. 3.

The facts of the instant case are that Charles Francisco was injured in an automobile accident on February 14, 1983, when he lost control of the rental truck which he was driving as part of his employment. He and his wife, Cecilia, filed, on October 10, 1985, a complaint in which they averred that the steering mechanism of the truck had been defective. They alleged, specifically, that the power steering pump pulley and accompanying parts had been defective when supplied by Eaton Corporation, a parts distributor, and had been installed improperly by Ford Motor Company. They also averred in a count against Hertz that the vehicle had been maintained in a careless and negligent manner.

Hertz's motion to join Simpson Industries, Inc. (Simpson) as an additional defendant was filed on April 5, 1990. It averred that Simpson had been the manufacturer of the pump pulley supplied by Eaton Corporation and installed by Ford Motor Company. The identity of the manufacturer, Hertz averred, had not been discovered until December, 1989. The trial court, however, found the facts to be as follows:

> Hertz was aware that the identification of the truck and the pulley would be an issue in this action some time before June 18, 1984[,] when Plaintiff's counsel informed Hertz that the pulley was available for inspection by Defendant's representatives.

On or about January 29, 1985[,] Hertz was informed via telephone of the vehicle identification number ("VIN") for the tractor portion of five trucks, one of which may have been the one driven by Plaintiff. The possession of these VIN's permitted Hertz to seek discovery regarding the manufacturer of the pulleys in these trucks.

Hertz did not serve written discovery requests on any party[,] nor did Hertz schedule an inspection of the pulley until October 12, 1989.

The delay in identifying Simpson Industries as the manufacturer is even more inexplicable when one becomes aware that Simpson's vice president of engineering and quality assurance is and has been the expert for Hertz's co-defendant, Eaton Corporation, in this action.

The Pennsylvania Supreme Court has said that "[b]efore the defendant can ask the court to help him secure a just, speedy and inexpensive determination of the suit by permitting late joinder, he must have acted expeditiously himself." *Zakian v. Liljestrand, supra,* 438 Pa. at 256, 264 A.2d at 641. See also: *Prime Properties Dev. v. Binns, supra* (untimely joinder denied where defendant failed to pursue discovery diligently); *Edmonds v. MBB, Inc.,* 384 Pa.Super. 584, 559 A.2d 590 (1989) (late joinder properly denied where defendant failed to conduct prompt investigation and discovery); *Riccobono v. Keystone Helicopter Corp., supra* (no sufficient cause to permit late joinder where defendant's failure to pursue discovery diligently resulted in late identification of proposed additional defendant). Instantly, it seems clear that appellant failed to act in a timely and diligent manner to identify the pulley's manufacturer. The excessive delay in joining Simpson Industries as an additional defendant, therefore, was not to be excused.

Hertz argues that the plaintiffs "will not suffer any prejudice incident to delay" if joinder is permitted. The trial court was not persuaded by this argument, and neither are we. If Simpson Industries were to be joined as an additional defendant, it would be entitled to a reasonable

time within which to conduct its own discovery, and this would cause further delay.

Concededly, it would be desirable to litigate all claims in one and the same action. On the other hand, the substantive rights of the defendants have not been affected adversely by the denial of Hertz's joinder petition. Claims by the defendants against Simpson Industries, whether for contribution or indemnification, will survive the present action and can be pursued following its completion. In the meantime, the adjudication of plaintiffs' claim should not be delayed further.

Finding no abuse of discretion on the part of the trial court, which denied appellant's petition for late joinder, the order of the trial court must be, as it is,

Affirmed.