640 A.2d 461

Pasquale BIANCULLI and Christine Bianculli, H/W

v.

TURNER CONSTRUCTION COMPANY c/o CT Corporation Systems and Healy and Long Concrete Contractors, Inc. and Lehrer–McGovern of Pennsylvania, Inc. c/o CT Corporation Systems and Nine Penn Center Associates L.P. c/o Richard I. Rubin & Co. and Cornell Assoc., Ltd.

v.

BAYSHORE REBAR, INC.

v.

ISCO CONTRACTORS, INC.

Appeal of TURNER CONSTRUCTION CO.
and Nine Penn Center Associates, L.P.
c/o Richard I. Rubin & Co., Inc.

Superior Court of Pennsylvania.

Argued Dec. 14, 1993.

Filed April 15, 1994.

238

David S. Wolf, Philadelphia, for appellants.

George D. Sheehan, Jr., Philadelphia, for appellees.

Before McEWEN, OLSZEWSKI and HOFFMAN, JJ.

McEWEN, Judge.

This appeal has been taken from an order which sustained preliminary objections filed by appellee Healy & Long Concrete Contractors, Inc. (hereinafter "Healy & Long") to the new matter/crossclaim filed by appellants Turner Construction

Company and Nine Penn Center Associates (hereinafter "Turner")[1] and thereby dismissed the crossclaim for indemnity which had been filed by appellants in this suit by an employee of appellee's subcontractor who suffered injuries while engaged in the construction of the Mellon Bank Tower. Appellant Turner had contracted with appellee Healy & Long for the performance of the super-structure concrete work and Healy & Long had subcontracted a portion of its work to Bayshore Rebar, Inc. (hereinafter "Bayshore"), the employer of the plaintiff, Pasquale Bianculli.

Pasquale and Christine Bianculli commenced this action on August 28, 1991, naming as defendants the general contractor, Turner, and numerous subcontractors, including Healy & Long. Healy & Long joined its subcontractor, Bayshore, which was the employer of the plaintiff. Appellant Turner, on October 16, 1991, filed an answer to the complaint which contained new matter in the nature of a crossclaim against its co-defendant Healy & Long. The pleading, however, was allegedly not served on Healy & Long, nor was it served upon counsel for Healy & Long since counsel did not enter his appearance for Healy & Long until shortly after the answer and crossclaim of Turner had been filed.

Bayshore, the subcontractor of Healy & Long and the employer of the plaintiff, filed a motion for summary judgment based upon its immunity from suit as the employer of the plaintiff. The trial court, on December 15, 1992, granted the motion for summary judgment in favor of Bayshore and against Healy & Long, finding that Bayshore was immune from suit pursuant to Section 481(b) of the Workmen's Compensation Act, 77 P.S. § 481(b).[2] Healy & Long did not

1. Appellant Nine Penn Center Associates is the owner of the building and Turner Construction Company was the general contractor for the erection of the building.

2. Section 481(b) of the Workmen's Compensation Act provides:

In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their

undertake an appeal from the entry of summary judgment in favor of Bayshore.

Three months thereafter when appellant Turner, in reliance upon the indemnity provision[3] of its contract with Healy &

> servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.
>
> 77 P.S. § 481(b).

3. The agreement between Turner and Healy & Long provides for indemnification as follows:

**Liability for Damage and Personal Injury**

**Article XXIII.** *The Subcontractor hereby assumes entire responsibility and liability for any and all damage or injury of any kind or nature whatever* (including death resulting therefrom) to all persons, *whether employees of the Subcontractor or otherwise,* and to all property caused by, resulting from, arising out of or occurring in connection with the execution of the Work. Except to the extent, if any, expressly prohibited by statute, should any claims for such damage or injury (including death resulting therefrom) be made or asserted, whether or not such claims are based upon Turner's or the Owner's alleged active or passive negligence or participation in the wrong or upon any alleged breach of any statutory duty or obligation on the part of Turner or the Owner, *the Subcontractor agrees to indemnify* and save harmless Turner and the Owner, their officers, agents, servants and employees from and against any and all such claims and further from and against any and all loss, cost, expense, liability, damage or injury, including legal fees and disbursements, that Turner and The Owner, their officers, agents, servants or employees may directly or indirectly sustain, suffer or incur as a result thereof and the Subcontractor agrees to and does hereby assume, on behalf of Turner and the Owner, their officers, agents, servants and employees, the defense of any action at law or in equity which may be brought against Turner and/or the Owner, their officers, agents, servants or employees upon or by reason of such claims and to pay on behalf of Turner and the Owner, their officers, agents, servants and employees, upon demand, the amount of any judgment that may be entered against Turner and/or the Owner, their officers, agents, servants or employees in any such action. In the event that any such claims, loss, cost, expense, liability, damage or injury arise or are made, asserted or threatened against Turner and/or the Owner, their officers, agents, servants or employees, Turner shall have the right to withhold from any payments due or to become due to the Subcontractor an amount sufficient in its judgment to protect and indemnify Turner and the Owner, their officers, agents, servants and employees from and against any and all such claims, loss, cost, expense, liability,

Long, sought to have Healy & Long assume the defense of Turner, Healy & Long notified Turner that it had never been served with the crossclaim filed by Turner. After Turner served Healy & Long the following day, Healy & Long responded with preliminary objections, asserting that it had been prejudiced by the 17–month delay in the service of the crossclaim upon it, specifically, that it had refrained from an appeal of the order granting summary judgment in favor of Bayshore since "it appeared that Healy & Long was not rightfully in the case and since they had nothing whatsoever to do with installation or maintenance of fire extinguishers". Appellant Turner, in this appeal from the order dismissing its crossclaim, argues that the allegation of prejudice on the part of Healy & Long is pretextual since the indemnity provisions of the contract between Healy & Long and Bayshore are insufficient under *Bester v. Essex Crane Rental Corp.*, 422 Pa.Super. 178, 619 A.2d 304 (1993), to overcome the absolute immunity afforded by the Workmen's Compensation Act to Bayshore.

■ Appellant initially argues that the trial court committed reversible error in striking its crossclaim due solely to late service. We are constrained to agree.

Pursuant to Rules 2252(d) and 1026 of the Pennsylvania Rules of Civil Procedure, answers which assert new matters in the nature of a crossclaim must be filed within twenty days after service of the complaint. After this time period expires, if a party wishes to amend its answers in order to assert a crossclaim it must either obtain the consent of the adverse party or obtain leave of court. Pa.R.Civ.P. 1033. It is committed to the sound discretion of the trial court to decide whether to permit such an amendment. *Schaffer v. Litton Systems, Inc.*, 372 Pa.Super. 123, 539 A.2d 360 (1988). However, leave to amend a pleading should be liberally granted absent prejudice to the adverse party.

damage or injury, including legal fees and disbursements, or Turner, in its discretion may require the Subcontractor to furnish a surety bond satisfactory to Turner guaranteeing such protection, which bond shall be furnished by the Subcontractor within five (5) days after written demand has been made therefor. (emphasis supplied).

*Winterhalter v. West Penn Power Company,* 355 Pa.Super. 17, 512 A.2d 1187 (1986).

This court has defined prejudice as:

"something more than a detriment to the other party, 'since any amendment almost certainly will be designed to strengthen the legal position of the amending party and correspondingly to weaken the position of the adverse party.'" [citation omitted].

*Edmonds v. MBB, Inc.,* 384 Pa.Super. 584, 587–89, 559 A.2d 590, 592–593 (1989), *allo. denied,* 525 Pa. 618, 577 A.2d 890 (1990), *quoting Winterhalter v. West Penn Power Company, supra* at 22, 512 A.2d 1187 (footnotes omitted).

The trial court in the instant case granted the preliminary objections based upon late service as a result of its conclusion that appellee Healy & Long had been prejudiced by the delay since, solely as a result of that delay, Healy & Long had determined not to appeal[4] the grant of summary judgment in favor of Bayshore. Appellant contends that since an appeal from the order granting summary judgment to Bayshore would have been frivolous, Healy & Long cannot establish any prejudice.

This Court, sitting en banc, in *Bester v. Essex Crane Rental Corp., supra,* held that an indemnity agreement was not enforceable against an employer of the plaintiff in an action by the plaintiff against a third party unless the agreement executed by the injured plaintiff's employer providing for indemnification of the third party *specifically* covered claims by employees:

[C]ontracting parties must specifically use language which demonstrates that a named employer agrees to indemnify a named third party from liability for acts of that third party's own negligence which result in harm to the employees of the named employer. Absent this level of specificity in the language employed in the contract of indemnification, the

---

4. Healy & Long believed that it was not properly a defendant in the action since "Healy has nothing to do with fire extinguishers. On the job we weren't responsible for maintenance or installation of fire extinguishers."

Workmen's Compensation Act precludes any liability on the part of the employer.

*Bester v. Essex Crane Rental Corp., supra* at 183–184, 619 A.2d at 308–309 (footnote omitted). *Accord: Hackman v. Moyer Packing,* 423 Pa.Super. 378, 381, 621 A.2d 166, 168 (1993). The agreement between Healy & Long and Bayshore provided, in relevant part:

> The subcontractor [Bayshore] covenants to indemnify and save harmless and exonerate the contractor [Healy & Long] and the owner of and from all liability, claims and demands for bodily injury and property damage arising out of the work undertaken by the subcontractor, its employees, agents or its subcontractors and arising out of any other operation no matter by whom performed for and on behalf of the subcontractor, whether or not due in whole or in part to conditions, acts or omissions done or permitted by the contractor or owner.

This agreement does not, as a matter of law, permit indemnification of Healy & Long by Bayshore for injuries sustained by employees of Bayshore. *See: Bester, supra; Hackman v. Moyer Packing, supra.* Thus, because the sole basis for the claim of prejudice made by Healy & Long was meritless, the trial court erred in granting the preliminary objections on the basis of prejudice arising from the decision by Healy & Long not to appeal the entry of summary judgment in favor of Bayshore.

This Court in *Ragan v. Steen,* 229 Pa.Super. 515, 331 A.2d 724 (1974), explained the evolution of joinder practice and the policies underlying Rule 2252(d) [5]:

> The rule was amended ... in 1969 to provide a procedure for joining any party, plaintiff or defendant, who might be

---

**5.** Rule 2252(d) provides:

If the person sought to be joined is a party, the joining party shall, without moving for severance or the filing of a praecipe for a writ or a complaint, assert in his answer as new matter that such party is alone liable to the plaintiff or liable over to the joining party or jointly or severally liable to the plaintiff or liable to the joining party directly setting forth the ground therefor. The case shall proceed thereafter as if such party had been joined by a writ or a complaint.

solely liable, liable over or jointly or severally liable with the joining party. The purpose of these amendments was to provide a short cut procedure for disposing of matters involving numerous parties with divergent interests, avoiding the cumbersome three step process of severance, joinder and consolidation formerly required if one wished to join a person already a party to the action.

In construing this rule . . . a number of principles are to be kept in mind. Generally applicable to all the rules of civil procedure is Rule 126 which provides that "[t]he rules shall be liberally constructed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Such an approach is particularly pertinent where multiple parties are involved since in such cases *the primary intent of the rules is to avoid multiplicity of suits by providing for the adjudication of all the rights and liabilities of those present and concerned in a single suit.* This Court has favored the policy of broadly interpreting Rule 2252 "not only to compel every interested person to defend the action by the plaintiff, but also to save the original defendant from possible harm resulting from loss of evidence as might result if compelled to await the end of the suit before proceeding against those from whom he seeks contribution."

*Ragan v. Steen, supra* at 523–525, 331 A.2d at 729–730 (citations omitted) (emphasis supplied). *Accord: Hileman v. Morelli,* 413 Pa.Super. 316, 325, 605 A.2d 377, 382 (1992); *Somers v. Gross,* 393 Pa.Super. 509, 523–25, 574 A.2d 1056, 1058 (1990); *National Liberty Life Insurance Co. v. The Kling Partnership,* 350 Pa.Super. 524, 534, 504 A.2d 1273, 1279 (1986).

■ Appellee Healy & Long argued in the trial court that dismissing the crossclaim would not result in a multiplicity of suits since an action for indemnity commenced by Turner against Healy & Long after the entry of judgment in this action would be barred since "it's a matter of waiver and they have to bring it in a timely manner and I think if they came back four years from now and sued us for contribution . . . we

could still submit in that action they should have brought it in a timely manner, the Bianculli case, and you waived it...." This is a clear misstatement of the law of indemnity and contribution.

> The right of contribution [and indemnity] may be asserted during the original proceeding as Automated has done in the present case, via joinder of the additional defendants, *see* Pa.R.C.P. 2252, or it may be pursued in a separate action by an original defendant who has previously been held liable to the original plaintiff. *National Liberty Life Ins. Co. v. Kling Partnership,* 350 Pa.Super. 524, 504 A.2d 1273 (1986).

*Oviatt v. Automated Entrance System Company, Inc.,* 400 Pa.Super. 493, 498, 583 A.2d 1223, 1226 (1990). The statute of limitations on the claim for indemnity or contribution does not begin to run until the time judgment is entered in favor of the original plaintiff. *Mattia v. Sears Roebuck and Co.,* 366 Pa.Super. 504, 506–08, 531 A.2d 789, 791–792 (1987), *allo. denied,* 519 Pa. 660, 546 A.2d 622 (1988). *See also: Pennsylvania National Mutual Casualty Insurance Co. v. Nicholson Construction Co.,* 374 Pa.Super. 13, 16, 542 A.2d 123, 125 (1988), *allo. denied,* 521 Pa. 605, 555 A.2d 116 (1988). Dismissal of the indemnity claim of Turner in this action would not preclude a later suit by Turner against Healy & Long for indemnification pursuant to the contract between the parties and would, therefore, result in a multiplicity of suits.

Thus, in view of the lack of any prejudice to appellee Healy & Long, and the purposes sought to be realized by the rules pertaining to crossclaims, we believe it was an abuse of discretion to dismiss the crossclaim of Turner.

We, therefore, vacate the order of July 7, 1993, and remand for proceedings consistent with the foregoing.

Order vacated. Case remanded. Jurisdiction relinquished.