## Walters v. Blooming Glen Contractors Inc.

C.P. of Bucks County, no. 94-05372-23-2.

*Scott J. Capriglione,* for plaintiff.

*C. Curtis Staropoli,* for defendant Blooming Glen Contractors.

*Guy T. Matthews,* for defendant Northampton Township of Bucks County.

*Alton G. Grube,* for defendant PennDOT.

LAWLER, *J.,* May 20, 1996—Pursuant to Pennsylvania Rule of Appellate Procedure 1925, this opinion is written in support of an order entered April 12, 1996 whereby the defendant, Pennsylvania Department of Transportation, was granted the period of 30 days from the date of the order to file a joinder complaint against the estate of Edward L. Lampreich for contribution.

On or about August 17, 1992 at approximately 2:30 p.m. plaintiff, Charles Walters, was travelling in the eastbound lane of Bridgetown Pike, a state highway, in the Township of Northampton, County of Bucks, Commonwealth of Pennsylvania, operating a vehicle owned by his employer, Jude Enterprises Inc., when his vehicle was hit head-on by a motor vehicle being operated by the now deceased Edward L. Lampreich. The collision occurred on the stretch of the road which was under construction by Blooming Glen Contractors Inc. On July 13, 1994, Walters filed a complaint in trespass against Blooming Glen, Northampton Township, County of Bucks, and PennDOT, but not Lampreich. PennDOT was served by the sheriff on August 8, 1994 and entered its appearance on August 17, 1994. The statute of limitations ran on August 18, 1994 on the initial cause of action. An answer, new matter and crossclaim was filed by PennDOT on August 22, 1994. On February 5, 1996, PennDOT filed a petition for rule to show cause why it should not be allowed to join the estate of Edward L. Lampreich as an ad-

ditional defendant in the within action. Walters filed an objection to PennDOT's petition on March 1, 1996. The matter was praeciped for consideration under Bucks County Rule of Civil Procedure 266 by PennDOT on March 20, 1996 and an order entered granting the joinder on April 12, 1996. It is from this order that Walters appeals.

Prior to the within action by Walters, on May 10, 1993, Jacqueline F. Lampreich and Linda Gross, administrators of the estate of Edward L. Lampreich, filed a wrongful death and survival action in the Court of Common Pleas of Bucks County, no. 93-3901 against Blooming Glen. Thereafter, on November 9, 1994, Blooming Glen filed a complaint, joining as additional defendants Walters, Northampton Township, Bucks County, and PennDOT in the same action.

After Walters' suit was instituted, Jacqueline F. Lampreich and Linda Gross, administrators of the estate of Edward L. Lampreich, deceased, filed by writ of summons in trespass a wrongful death and survival action on August 16, 1994 against Walters, Jude, PennDOT and Blooming Glen in the Court of Common Pleas of Bucks County, action no. 94-6302. A complaint was subsequently filed on November 1, 1994.

All three pending actions arose out of the same transaction or occurrence. On April 12, 1996 (the date this court's order was entered permitting the joinder in this case of Lampreich), all three cases were in various stages of discovery and no case had been placed on the trial list.

Walters' statement of the matters complained of on appeal reads as follows:

"Plaintiff filed a civil complaint in the within matter on July 18, 1994, specifically naming all of the above defendants. Thereafter, on October 6, 1994, defendant

Commonwealth of Pennsylvania filed their entry of appearance in this matter. Defendant is clearly out of time to now bring in this additional defendant. The Commonwealth from the beginning was aware of the defendant that they now (sic) some two years later. The Commonwealth could have brought this defendant in early on in this matter. The judge erred in not considering the burden and prejudicial effect this will have on the plaintiff, if they are allowed to join in the estate of Edward L. Lampreich as an additional defendant. To allow this defendant to now burden the plaintiff with an additional defendant at this late date is clearly prejudicial to the plaintiff and his case. Therefore, we seek to appeal the order allowing the defendant, Pennsylvania Department of Transportation, to file a joinder complaint against the estate of Edward L. Lampreich.''

A complaint joining an additional defendant shall not be filed by the original defendant later than 60 days after service upon the original defendant unless such filing is allowed by the court upon cause shown. Pa.R.C.P. 2253. Whether there is ''cause shown'' sufficient to allow late joinder of an additional defendant is a matter within the discretion of the court and its discretion will not be reversed absent an abuse thereof. *Zakian v. Liljestrand,* 438 Pa. 249, 264 A.2d 638 (1970). All the parties to this action knew of the existence of Lampreich and could have joined his estate as a defendant, but did not. *Mutual Industries Inc. v. Weinberg,* 423 Pa. Super. 328, 621 A.2d 140 (1993). There are three pending actions arising out of this occurrence in various stages of discovery. None of the actions have been placed on the trial list. All three actions will be consolidated for trial by the court pursuant to Pa.R.C.P. 213 since they arise from the same transaction or occurrence. Therefore, there is no prejudice to Walters

by the joinder. Permitting the joinder of the PennDOT claim for contribution will further the purpose of rules of civil procedure by avoiding a multiplicity of suits. *Bianculli v. Turner Construction Company,* 433 Pa. Super. 237, 640 A.2d 461 (1994). It is for the above reasons that the court entered the order which was appealed.