## Shelly Foundations Inc. v. Able-Hess Associates Inc.

C.P. of Allegheny County, no. GD00-10445.

*Robert A. King* and *John M. Tedder,* for plaintiff.
*Christopher R. Opalinski* and *Jarrell D. Wright,* for defendant Able-Hess Associates.
*Andrew F. Szefi* and *Charles A. Merchant,* for additional defendant Board of Public Education.
*Michael E. Lang,* for additional defendant Pittsburgh Water & Sewer Authority.

WETTICK, *J.*, February 8, 2001—The motion of Able-Hess Associates Inc. for leave of court to file a complaint to join additional defendants is the subject of this opinion and order of court. The motion is opposed by plaintiff and one of the proposed additional defendants.

Able-Hess served as the general trades contractor on a construction project pursuant to a contract with the Board of Public Education of the School District of Pittsburgh. Shelly Foundations Inc. was a subcontractor to Able-Hess.

Shelly has sued Able-Hess for money allegedly due under the subcontract. In its complaint, Shelly alleges that while it was drilling in the precise location identified in the drawings provided by Able-Hess, it unexpectedly tapped into a sewer line. Most of Shelly's claims involve extra work and wait/delay costs resulting from the misidentification of the location of the sewer line, including expenses incurred in repairing the sewer line.

The original complaint was served on June 16, 2000. On September 11, 2000, Able-Hess filed its complaint to join as additional defendants the Board of Public Education of the School District of Pittsburgh and the Pittsburgh Water & Sewer Authority. In its proposed complaint to join additional defendants, Able-Hess alleges that these additional defendants had incorrectly identified the location of the sewer line. Consequently, if it is determined that Able-Hess is liable to Shelly with respect to claims relating to misidentification of the location of the sewer line, additional defendants are liable over. In addition, Able-Hess seeks damages from proposed additional defendants, unrelated to plaintiff's

claim, for its direct costs related to sewer remediation and foundation design work and for delays it experienced.

Under Pa.R.C.P. no. 2253, an original defendant may not join an additional defendant which is not already a party more than 60 days after the service upon the original defendant of the initial pleading of the plaintiff unless such filing is allowed by the court "upon cause shown."

In this case, defendant missed the 60-day period by less than 30 days. The pleadings are not yet closed. There has been no discovery. The case has not been placed at issue. Consequently, the late joinder will not cause any prejudice to proposed additional defendants or to plaintiff.

However, Pennsylvania case law holds that the absence of prejudice does not establish good cause. *NPW Medical Center of N.E. Penna. Inc. v. LS Design Group P.C.,* 353 Pa. Super. 341, 509 A.2d 1306 (1986). Furthermore, Able-Hess cannot establish any cause for the late joinder because it was aware of the claims which it is raising against the proposed additional defendants prior to the date upon which it was served with plaintiff's complaint.[1] Consequently, I cannot grant the motion for late joinder under the cause shown standard of Rule 2253.

I now address the question of whether the 60-day time period set forth in Rule 2253 is mandatory or whether

---

1. On May 10, 2000, Able-Hess sued the Board of Public Education and the Pittsburgh Water & Sewer Authority in this court at GD-00-8271 to recover the costs it incurred in repairing the sewer line and various indirect costs, including demobilization and remobilization costs, productivity losses, and extended home and field expenses.

Rule 2253 may be read in conjunction with Pa.R.C.P. no. 126 which reads as follows:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defective procedure which does not affect the substantial rights of the parties."

In *Carlos R. Leffler Inc. v. Hutter,* 696 A.2d 157, 166 (Pa. Super. 1997), the Pennsylvania Superior Court, citing Rule 126, ruled that the trial court erred in refusing to consider the merits of a post-trial motion filed one day late:

"This is in keeping with our long-standing policy that the rules should be construed liberally in order to effectuate their intent; which, as always, is the timely and fair adjudication of disputes. See Pa.R.C.P. 126. While both the parties and the court should strive for steadfast compliance with the rules, dictatorial adherence to the letter of the rules may oftentimes have the effect of undermining and frustrating their intent." Also, see *Kurtas v. Kurtas,* 521 Pa. 105, 555 A.2d 804 (1989).

The Pennsylvania Supreme Court has ruled that a trial court, in the exercise of its discretion, may overlook errors of procedure where no party is prejudiced. In *Gagliardi v. Lynn,* 446 Pa. 144, 285 A.2d 109 (1971), a defendant first filed a pleading to raise the defense of the statute of limitations more than one year after service of the complaint and after the jury had been picked. The Pennsylvania Supreme Court held that the ruling of the

trial court permitting the late filing was not an abuse of discretion:

"We have considered this question previously and our position is clear: ' . . . a lower court will not be reversed either for waiving or refusing to waive non-compliance with procedural rules in the absence of a showing of an abuse of discretion which has caused manifest and palpable injury to the complaining party.' This practice comports with Pa.R.C.P. 126 which mandates a liberal construction of the rules in general and the disregarding of any 'error or defect of procedure which does not affect the substantial rights of the parties.' " *Id.* at 151, 285 A.2d at 112. (citations omitted)

In *Paden v. Baker Concrete Construction Inc.,* 540 Pa. 409, 658 A.2d 341 (1995), the plaintiff filed an amended complaint naming a new defendant on the day before the statute of limitations expired. The amended complaint was filed without leave of court or the consent of the other party in violation of Pa.R.C.P. 1033. The trial court struck the complaint. The Superior Court reversed; it ruled that there was no prejudice, so the trial court was required to apply Rule 126. The Pennsylvania Supreme Court reinstated the ruling of the trial court, because a trial court is never required to apply Rule 126. The Pennsylvania Supreme Court ruled that in the situation where the improper filing works no prejudice against the improperly joined defendant or the other parties to the action, it is entirely up to the trial court to decide whether to enforce or overlook the procedural error:

"There is little doubt that this is a situation in which Rule 126 might appropriately have been applied, had the

trial court deemed it to be required in the interest of justice. Nevertheless, the trial court having rejected the reprieve allowed by Rule 126, we do not deem the striking of the improper joinder to show manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous. Thus, even if we might have reached a different conclusion had the decision been ours in the first instance, it was not an abuse of discretion for the trial court to rule as it did.

"Though Rule 126 would have permitted the trial court to overlook the procedural errors of trial counsel, it is not an abuse of the trial court's discretion to enforce the rules of civil procedure, even when the result has a serious adverse effect on the party violating the rules; the rules are essential in order to insure the orderly and equal administration of justice and it is within the discretion of a trial court to require compliance." *Id.* at 414, 658 A.2d at 344.

I am not aware of any appellate court case law that has considered the interplay between Rule 126 and the cause shown provision of Rule 2253. However, there are several appellate court cases that have applied Rule 126 to effect the goals of the third-party joinder rules where a defendant seeks to raise a cross-claim against another defendant.

In *Ragan v. Steen,* 229 Pa. Super. 515, 331 A.2d 724 (1974), the jury entered a verdict in the plaintiff's favor against both the physician and the hospital in a medical malpractice action. The trial court molded the verdict and entered a judgment for indemnity against Dr. Steen

and in favor of the hospital. Dr. Steen argued that the court did not have the authority to do so because the hospital had failed to join Dr. Steen as an additional defendant for the purpose of indemnity. The Superior Court affirmed the ruling of the trial court:

"The rule was amended again in 1969 to provide a procedure for joining any party, plaintiff or defendant, who might be solely liable, liable over or jointly or severally liable with the joining party. The purpose of these amendments was to provide a shortcut procedure for disposing of matters involving numerous parties with divergent interests, avoiding the cumbersome three-step process of severance, joinder and consolidation formerly required if one wished to join a person already a party to the action.

"In construing this rule as it applies to the circumstances of this case, a number of principles are to be kept in mind. Generally applicable to all the rules of civil procedure is Rule 126 which provides that '[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable.' Such an approach is particularly pertinent where multiple parties are involved since in such cases the primary intent of the rules is to avoid multiplicity of suits by providing for the adjudication of all the rights and liabilities of those present and concerned in a single suit. This court has favored the policy of broadly interpreting Rule 2252 'not only to compel every interested person to defend the action by the plaintiff, but also to save the original defendant from possible harm resulting from loss of evidence as might

result if compelled to await the end of the suit before proceeding against those from whom he seeks contribution.' " *Id.* at 525-26, 331 A.2d at 729-30. (citations omitted)

In *Hileman v. Morelli,* 413 Pa. Super. 316, 605 A.2d 377 (1992), the Superior Court held that the trial court had committed reversible error when it allowed the plaintiff's discontinuance of an action as to a hospital without allowing another defendant, after the statute of limitations had run, to join the hospital on the ground of sole liability. The court cited the portion of the *Ragan v. Steen* opinion set forth above in support of its position that the joinder rules cannot be read without considering Rule 126. *Id.* at 325-26, 605 A.2d at 382.

In *Bianculli v. Turner Construction Co.,* 433 Pa. Super. 237, 640 A.2d 461 (1994), the trial court dismissed a cross-claim because of a 17-month delay in the service of the cross-claim. The Superior Court, citing the portion of the *Ragan v. Steen* opinion set forth above, ruled that it was an abuse of discretion to dismiss the cross-claim "in view of the lack of any prejudice to appellee Healy & Long, and the purposes sought to be realized by the rules pertaining to cross-claims . . . . " *Id.* at 245, 640 A.2d at 465-66.

In the present case, I will, in the exercise of my discretion, apply Rule 126 because the pleadings are not closed; there has not been any discovery; joinder will not delay the trial of the case; and the case does not involve a substantial noncompliance with the rules.

*Zakian v. Liljestrand,* 438 Pa. 249, 256, 264 A.2d 638, 641 (1970) (citations omitted), continues to be the controlling case on the issue of the purposes of the third-party joinder rules (Pa.R.C.P. 2251-2256):

"The court . . . should be guided by the objectives sought to be achieved by use of the additional defendant procedure in conjunction with the purpose for which a 60-day limitation was placed on its unrestricted use. In a capsule, these rules are an attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation."

I find that joinder in this case will further the intent of the third-party joinder rules of avoiding a multiplicity of lawsuits and adjudicating all of the rights and liabilities of those involved in the incident in a single lawsuit where this can occur without delaying the resolution of the plaintiff's claims and without prejudice to any party.

The application of Rule 126 to the situation, in which joinder will not interfere with the expeditious resolution of the litigation, is not inconsistent with *NPW Medical Center v. LS Design Group, supra,* 353 Pa. Super. 341, 509 A.2d 1306. The issue which the Superior Court addressed in that case was whether the cause shown requirement of Rule 2253 should be dispensed with when the plaintiff agrees to the late joinder of the additional defendant. The Superior Court ruled that the cause shown requirement of Rule 2253 had purposes in addition to

preventing the plaintiff from suffering prejudice. The court stated that the rule was premised on a more general purpose of ensuring the expeditious resolution of multi-party lawsuits. Obviously, the application of Rule 126 to the situation in which joinder will not interfere with the expeditious resolution of the lawsuit is consistent with this general purpose.

The court also stated that the appellant's reading of Rule 2253 ignored the clear language of Rule 2253, which does not limit the requirement that cause be shown to cases where the plaintiff objects to the joinder. The court said that if it adopted this position, it would be emasculating Rule 2253 by ignoring its clear requirement that cause must be shown for delay in joinder. The purpose of Rule 126 is to permit a court to exercise discretion to ignore procedural requirements, such as a 60-day filing requirement, in the situation in which the strict application of the requirement may have the effect of thwarting the purposes for the rule.

For these reasons, I enter the following order of court:

## ORDER

On February 8, 2001, upon consideration of defendant's motion for leave of court to permit nunc pro tunc filing of complaint to join additional defendants and the proposed additional defendants' brief in opposition to the late joinder, it is hereby ordered that defendant's motion is granted and that a complaint joining the Board of Public Education and the Pittsburgh Water & Sewer Authority as additional defendants may be filed within 20 days.